|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | UNITED STATES DISTRICT COURT | |
| 7 | DISTRICT OF NEVADA | |
| 8 | * * * | |
| 9 | JENNIFER KUKLOCK, | Case No. 3:19-cv-00369-LRH-CLB |
| 10 | Plaintiff, | ORDER |
| 11 | v. | |
| 12 | STATE OF NEVADA, *ex rel.* its DEPARTMENT OF TRANSPORTATION, | |
| 13 | | |
| 14 | Defendant. | |

Defendant Nevada Department of Transportation ("NDOT") has filed a motion to dismiss the complaint of plaintiff Jennifer Kuklock. (ECF No. 5). This motion was filed on July 30, 2019. On August 9, Kuklock filed an amended complaint (ECF No. 7), and on August 23, NDOT filed an answer to the amended complaint. (ECF No. 9). The question becomes what to do with NDOT's motion to dismiss now that it has filed an answer to Kuklock's amended complaint.

Kuklock was permitted to file an amended complaint once as a matter of course because no responsive pleading had been filed and she had not previously amended her complaint. Fed. R. Civ. P. 15(a). A motion to dismiss is not considered to be a "responsive pleading" within the meaning of Rule 15, so the fact that NDOT moved to dismiss her complaint did not prohibit her from amending it. *Crum v. Circus Circus Enter.*, 231 F.3d 1129, 1130, n.3 (9th Cir. 2000). But because an amended complaint supersedes the original with the latter being treated as "nonexistent," NDOT's motion seeking to dismiss a non-existent complaint is moot. *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010). *See also Ramirez v. County of San Bernardino*,

1

806 F.3d 1002, 1008 (9th Cir. 2015) ("Because the Defendants' motion to dismiss targeted the Plaintiff's First Amended Complaint, which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot").

IT IS THEREFORE ORDERED that the Nevada Department of Transportation's motion to dismiss (ECF No. 5) is **DENIED WITHOUT PREJUDICE AS MOOT**.

IT IS SO ORDERED.

DATED this 2nd day of December, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE