UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JENNIFER KUKLOCK,<br><br>           Plaintiff,<br>v.<br><br>STATE OF NEVADA, ex rel. its<br>DEPARTMENT OF TRANSPORTATION,<br><br>           Defendants. | Case No.: 3:19-cv-00369-LRH-CLB<br><br>[PROPOSED] ORDER REGARDING DISCOVERY |

Before the Court is Plaintiff Jennifer Kuklock's Notice of Discovery Dispute (ECF No. 25). The Court has considered the Response filed by Defendant Nevada Department of Transportation ("NDOT") (ECF No. 26) and oral argument presented at the telephonic discovery status conference on February 19, 2020. For the following reasons, the Court grants in part and denies in part the Plaintiff's request:

**ORDER**

According to the Amended Complaint (ECF No. 7), Plaintiff Jennifer Kuklock was formerly employed by NDOT in its Flight Operations division as a Public Service Intern II and was terminated on January 15, 2016. Ms. Kuklock allegedly reapplied for a Public Service Intern II position in or around February 2016, but she was not rehired. NDOT allegedly hired Kevin Cain as a Public Service Intern I. Ms. Kuklock alleges two claims under Title VII: unlawful termination because of her sex, and unlawful failure to hire because of her sex.

Through her Notice, Plaintiff seeks an order that NDOT has not properly responded to several of her discovery requests and should not be permitted to rely upon NAC 284.718 and 284.726 related to information contained in State personnel files. (See ECF No. 25-1). NDOT responds that the

1

documents requested are privileged and confidential, the persons whose files are requested (Scott Hoffmeyer and Kevin Cain) are not named parties who have not authorized NDOT to disclose them, and the requests are overbroad, overly burdensome, undefined, vague, and ambiguous, seeking information that is neither relevant nor proportional to the needs of the case.

## Discussion

As a preliminary matter, the Court denies Plaintiff's request that it enter a blanket general order requiring NDOT to produce personnel records in response to otherwise legitimate discovery requests. The Court finds that it is necessary to balance on a request-by-request basis the Plaintiff's need for information against the privacy and confidentiality interests in personnel records.

### Interrogatory No. 1

*State the name, date of hire and position/job title of all persons who were hired by NDOT during the period of January 1, 2016 to December 31, 2016 whose duties included flying State aircraft.*

**NDOT's Response:**

*OBJECTION. NDOT objects to the term "whose duties included flying State aircraft" as undefined, vague, ambiguous, and overbroad. NDOT interprets this term to mean individuals employed as Public Service Intern I, Public Service Intern II, Pilot 1, Pilot 2, Pilot 3, or Chief Pilot. NDOT also objects to this request as overly broad and neither relevant nor proportional to the needs of the case. During the time period requested (January 1, 2016 to December 31, 2016), Plaintiff worked in, and applied for, only one position, the Public Service Intern II position. Therefore NDOT responds as to public service intern positions only.*

*Subject to and without waiving such objection, Kevin Cain was hired as a Public Service Intern I on or about March 14, 2016. As discovery is ongoing, NDOT reserves the right to supplement this response.*

Plaintiff argues that this information is relevant because NDOT's stated reason for terminating Plaintiff was that it had no business need for her position. Plaintiff argues that NDOT's staffing levels for all pilots, not just interns, at the time and soon after Plaintiff was terminated, are relevant to whether NDOT's reason was legitimate or pretext.

///

The Court sustains in part and denies in part NDOT's objections. The information sought is discoverable, but the length of time requested, January 1, 2016 through December 31, 2016, is overly broad because Plaintiff was terminated on January 15, 2016. The Court will therefore limit the time period to January 1, 2016 through June 1, 2016.

**Request for Production of Documents No. 9**

*Produce a copy of all documents related to Kevin Cain's application for, selection, and/or hiring as Public Service Intern.*

**NDOT's Response:**

*OBJECTION. Defendant objects to the term "related to" as overbroad, overly burdensome, undefined, vague, and ambiguous, and seeking information that is neither relevant nor proportional to the needs of the case. Defendant will not search for, identify, or describe information or documents that are incidental, secondary, irrelevant, or trivial. See IBP, Inc. v. Mercantile Bank of Topeka, 179 F.R.D. 316, 321 (D. Kan. 1998). Defendant objects that any information contained in a person's application materials, as well as ratings and remarks concerning an applicant, are confidential pursuant to NAC 284.718 and protected by the individual's right to privacy found in both the United States and the Nevada Constitutions. Accordingly, Defendant is not producing any documents in response to this request.*

*Subject to and without waiving such objections, NDOT already produced the job posting and redacted list, NDOT 00185-86, 189-90 and refers Plaintiff to NDOT's disclosures and all supplements thereto.*

First, the Court overrules NDOT's objections regarding the term "related to" and holds that NDOT is to use common sense and apply ordinary definitions to this term. *See Sanchez Y Martin SA de CV v. Dos Amigos Inc.*, Case No. 17cv1943-LAB (LL), 2019 WL 581715 at *4 (S.D. Cal. Feb. 13, 2019).

Second, Plaintiff argues the documents are relevant as to why she was not rehired; her theory is she was more qualified but she was rejected because of her sex. The Court rejects NDOT's argument that the documents are not relevant because Mr. Cain applied for a different position. The nature of these records are directly related to this case.

Third, the Court weighs the privacy interests of Mr. Cain, a nonparty, with Plaintiff's need for the information and concludes the privacy interest is outweighed in regard to this request.

Accordingly, NDOT's objections are overruled. In NDOT's response, NDOT may redact irrelevant sensitive information, such as social security numbers, beneficiary or dependent names, and so forth, and responsive documents may be produced subject to the Protective Order (ECF No. 24) already in place.

**Request for Production No. 10**

*Produce a copy of all documents related to Kevin Cain's application for, selection and/or hiring for any position with NDOT other than Public Service Intern.*

**NDOT's Response:**

*OBJECTION. Defendant objects to the term "related to" as overbroad, overly burdensome, undefined, vague, and ambiguous, and seeking information that is neither relevant nor proportional to the needs of the case. Defendant will not search for, identify, or describe information or documents that are incidental, secondary, irrelevant, or trivial. See IBP, Inc. v. Mercantile Bank of Topeka, 179 F.R.D. 316, 321 (D. Kan. 1998). Defendant objects that any information contained in a person's application materials, as well as ratings and remarks concerning an applicant, are confidential pursuant to NAC 284.718 and protected by the individual's right to privacy found in both the United States and the Nevada Constitutions. Defendant also objects that documents "related to" any position Mr. Cain applied for, was selected for, or hired for other than Public Service Intern seek irrelevant information and is not proportional to the needs of the case. Plaintiff's allegation related to failure to hire alleges only that she applied for and was not selected for a position as a public service intern. No other position is at issue. Accordingly, Defendant is not producing any documents in response to this request.*

Plaintiff argues that these records are relevant because Mr. Cain was subsequently promoted to Pilot 2, and Plaintiff believes the records will show that Mr. Cain was not qualified for that position. She argues that the records bear on Mr. Hoffmeyer's credibility and his preference for males if the records show that Mr. Hoffmeyer promoted an unqualified male applicant. Plaintiff also argues that

///

the records are relevant to her damages because they would bear on how much money she likely would have made had she not been terminated by NDOT.

NDOT responds that Plaintiff seeks a fishing expedition to attack Mr. Cain's current position, for which she never applied, and she seeks to harass and embarrass him. NDOT argues the reference to damages is speculative as to how documents related to positions for which Plaintiff did not apply would be relevant to what she could have made had she applied. NDOT also argues reference to Mr. Hoffmeyer's credibility is speculative.

For the reasons stated above, the Court overrules NDOT's objection to the term "related to." The Court finds that Mr. Cain's privacy interests are not outweighed by Plaintiff's argument that the records are relevant to Mr. Hoffmeyer's credibility. The requested information is also very speculative as it relates to damages because such damages would assume that Plaintiff's career would have gone the same direction as Mr. Cain's. NDOT need not respond to this request.

**Request for Production No. 11**

*Produce a copy of all scoring sheets, interview questions, interview notes, ranking criteria, and all other documents recording or related to Defendant's decision as to which applicant to hire for all Public Service Intern, either I or II, positions that NDOT filled or announced in 2016.*

**NDOT's Response:**

*OBJECTION. Defendant objects to the term "related to" as overbroad, overly burdensome, undefined, vague, and ambiguous, and seeking information that is neither relevant nor proportional to the needs of the case. Defendant will not search for, identify, or describe information or documents that are incidental, secondary, irrelevant, or trivial. See IBP, Inc. v. Mercantile Bank of Topeka, 179 F.R.D. 316, 321 (D. Kan. 1998). Defendant objects that any information contained in a person's application materials, as well as ratings and remarks concerning an applicant, are confidential pursuant to NAC 284.718 and protected by the individual's right to privacy found in both the United States and the Nevada Constitutions. Because Plaintiff may request documents related to her own application, Defendant identifies NDOT 000192, which was already produced. Defendant is not producing any other documents in response to this request.*

///

NDOT argues that this request is overly broad and seeks confidential information of third persons who are not parties to this suit. Plaintiff argues that the records are necessary to show that she was the most qualified candidate of all the applicants for all Public Service Intern positions, yet she was passed over by NDOT, which she argues gives rise to an inference of discrimination. Plaintiff also argues that the records are relevant to whether NDOT's reason for terminating her, *i.e.*, that it had no business need for her position, was pretext. Counsel for the Parties explained that there were several eligible applicants, including Mr. Cain, for the Public Service Intern I position, and that there were only two eligible applicants (Plaintiff and one other person) for the Public Service Intern II position.

For the reasons stated above, the Court overrules NDOT's objection to the term "related to." The Court finds that the request is overly broad in that it seeks records related to all Public Service Intern positions for the entire year of 2016. The records of unsuccessful applicants for the Public Service Intern I position are not relevant to Plaintiff's claims. However, the Court will allow a narrowed request for records showing the qualifications of the other person who applied for, and was found eligible for, the Public Service Intern II position for which Plaintiff applied. NDOT may redact personal information from those records.

**Request for Production No. 12**

*Produce a copy of all applications for employment, resumes, letters, certifications, or other documents submitted by Scott Hoffmeyer to NDOT in connection with Mr. Hoffmeyer becoming employed by NDOT.*

**NDOT's Response:**

*OBJECTION. Defendant objects to the term "other documents" and "becoming employed" as overbroad, overly burdensome, undefined, vague, and ambiguous, and seeking information that is neither relevant nor proportional to the needs of the case. Defendant will not search for, identify, or describe information or documents that are incidental, secondary, irrelevant, or trivial. See IBP, Inc. v. Mercantile Bank of Topeka, 179 F.R.D. 316, 321 (D. Kan. 1998). Defendant objects that any information contained in a person's application materials, as well as ratings and remarks concerning an applicant, are confidential pursuant to NAC 284.718 and protected by the individual's right to privacy found in both the United States and the Nevada Constitutions. Accordingly, Defendant is not*

*producing any documents responsive to this request. Additionally, this request seeks irrelevant information and is not proportional to the needs of the case. Mr. Hoffmeyer's application materials related to the chief pilot position are irrelevant to Plaintiff's allegations regarding the public service intern position.*

Plaintiff argues that the records are relevant because they will provide information regarding Mr. Hoffmeyer's former employers, and could lead to relevant and admissible evidence regarding the reasons for Mr. Hoffmeyer leaving prior employers and related to his assertion that he has never had any problems working with females. Plaintiff also argues that the information requested is narrow and does not seek information that is particularly sensitive.

The Court overrules NDOT's objections as to "other documents" and "becoming employed" and instructs NDOT to use common sense and apply ordinary definitions to these terms. The Court sustains NDOT's objection as to relevance and privacy. The Court finds that the requested records are not relevant at all to Plaintiff's claims and do not outweigh Mr. Hoffmeyer's privacy interests. After the 2015 amendments to the Federal Rules of Civil Produce it is no longer sufficient that the information may be likely to lead to admissible evidence. The information must be independently relevant and proportional to the needs of the case. Finally, it does not appear that Plaintiff does not have other means of obtaining the information she seeks, including other avenues of discovery. NDOT need not respond to Plaintiff's Request for Production No. 12.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that Plaintiff's requested relief set forth in her Notice of Discovery Dispute (ECF No. 25) is GRANTED IN PART and DENIED IN PART consistent with the discussion above.

IT IS ORDERED that Plaintiff's Interrogatory No. 1 shall be narrowed to the time period of January 1, 2016 through June 1, 2016. NDOT shall provide a supplemental response within 14 days of entry of this Order.

IT IS FURTHER ORDERED that NDOT shall respond to Plaintiff's Request for Production No. 9, with appropriate redactions. NDOT shall provide a supplemental response within 14 days of entry of this Order.

IT IS FURTHER ORDERED that Request for Production No. 11 shall be narrowed to properly redacted records showing the qualifications of the other person who applied for, and was found eligible for, the Public Service Intern II position for which Plaintiff applied. NDOT shall provide a supplemental response within 14 days of entry of this Order.

IT IS FURTHER ORDERED that NDOT need not respond to Request for Production Nos. 10 and 12.

Dated this 5th day of March, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

Respectfully submitted by:

DATED this __4th__ of March, 2020.

BENSON LAW, LLC

By: _____
Kevin Benson, Esq.
Nevada Bar No. 9970
123 W. Nye Lane, Suite 487
Carson City, NV 89706
(775) 884-0838
*Attorneys for Plaintiff*

DATED this __4__ of March, 2020.

AARON D. FORD
Attorney General

By: _____
Carrie L. Parker
Deputy Attorney General
Nevada Bar No. 10952
Kevin A. Pick
Senior Deputy Attorney General
Nevada Bar No. 11683
5420 Kietzke Lane, Suite 202
Reno, Nevada 89511
(775) 687-2110
*Attorneys for Defendant*